UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| HEART TO HEART HOSPICE OF TEXAS, LTD. and HEART TO HEART HOSPICE OF FORT WORTH LLC<br><br>*Plaintiff*,<br><br>v.<br><br>ROBERT F. KENNEDY, JR.,[1] in his official capacity as SECRETARY, UNITED STATES DEPARTMENT OF HEALTH AND HUMAN SERVICES,<br><br>*Defendant*. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | Civil Action No. 3:23-CV-2704-X |

**MEMORANDUM OPINION AND ORDER**

Before the Court are Plaintiff Heart to Heart Hospice of Texas, Ltd. and Heart to Heart Hospice of Fort Worth LLC's (collectively, "Heart to Heart") Rule 72(a) objections to Magistrate Judge Rebecca Rutherford's Order denying Heart to Heart's motions to compel completion of the administrative records. (Doc. 137). Having considered Heart to Heart's objections, the Court **OVERRULES** them and accepts the Magistrate Judge's Order.[2]

[1] In accordance with Rule 25(d) of the Federal Rules of Civil Procedure, Robert F. Kennedy, Jr., who has been appointed and confirmed as the Secretary of HHS, is to be substituted for Mr. Becerra as defendant.

[2] The Court also **DENIES** Heart to Heart's request for oral argument. *See* Doc. 137 at 1.

## I. Background

The parties' dispute over the contents of the administrative records has lasted over two years in this consolidated case. This dispute culminated in Heart to Heart's motions to compel completion of and corresponding objections to the contents of each of the eight administrative records at issue.[3] The Court referred these motions to the Magistrate Judge, who then entered an Order denying Heart to Heart's motions under both 42 U.S.C. § 405(g) and the Administrative Procedure Act.[4] Heart to Heart timely filed four main objections to that Order under Federal Rule of Civil Procedure 72(a).[5]

## II. Legal Standard

In a nondispositive matter, Rule 72(a) requires the district judge to consider timely objections, and "modify or set aside any part of the order that is clearly erroneous or is contrary to law."[6] "When a party appeals a magistrate judge's order, it must demonstrate how the order is reversible under the applicable standard of review—*de novo* for error of law, clear error for fact findings, or abuse of discretion for discretionary matters."[7] "The abuse of discretion standard governs review of that

---

[3] *See* Docs. 68, 72, 76, 80, 88, 93, 98, 103 (motions); 83, 84, 85, 86, 91, 96, 101, 106 (objections).

[4] Doc. 135.

[5] Doc. 137 at 1.

[6] FED. R. CIV. P. 72(a) (A nondispositive matter is "a pretrial matter [that is] not dispositive of a party's claim or defense.").

[7] *Stanissis v. Dyncorp, Int'l LLC*, No. 3:14-CV-2736-D, 2015 WL 5603722, at *1 (N.D. Tex. Sept. 23, 2015) (Fitzwater, J.) (cleaned up).

vast area of choice that remains to the magistrate judge who has properly applied the law to fact findings that are not clearly erroneous."[8]

## III. Analysis

Heart to Heart sets out four objections in their Rule 72(a) objections.[9] The Court considers the four objections in turn.

First, Heart to Heart objects that the Magistrate Judge did not make audit-specific-findings for each of the eight records.[10] This is a question of fact, which the Court reviews for clear error.[11] The Court finds no clear error here. Heart to Heart itself contended that the eight motions "all present the same legal issues" and that the Magistrate Judge's ruling on those issues "will determine the outcome of all eight."[12] So Heart to Heart's objection contradicts the very point it argued.[13] Accordingly, the Court **OVERRULES** Heart to Heart's first objection.

Second, Heart to Heart objects to the Magistrate Judge's ruling that "the relevant administrative records are limited to documents that were before an Administrative Law Judge or the Medicare Appeals Council."[14] Whether a magistrate judge correctly ruled on the relevant administrative record is a legal

---

[8] *Id.* (cleaned up).

[9] Doc. 137 at 10–24.

[10] Doc. 137 at 10–12.

[11] *See Stanissis*, 2015 WL 5603722, at *1.

[12] Doc. 135 at 2-4 (quoting Doc. 69 at 9).

[13] Doc. 137 at 10–12; Doc. 135 at 2 n.4 (quoting Doc. 69 at 9); *see McCaig v. Wells Fargo Bank (Tex.), N.A.*, 788 F.3d 463, 476 (5th Cir. 2015) ("A party cannot complain on appeal of errors which he himself induced the district court to commit." (cleaned up)).

[14] Doc. 137 at 12–13 (cleaned up).

question that the Court reviews *de novo*.[15] The administrative record is limited to "the evidence upon which the findings and decision complained of are based."[16]

Heart to Heart seeks to expand the record in two ways. First, it seeks to cast the contractors who audited the claims and recalculated the overpayments as decisionmakers so that the record incorporates evidence the contractors considered.[17] Second, it argues that the Court must include in the record "any evidence excluded or not considered" by the Administrative Law Judge.[18] Both arguments fail.

While contractors often handle the initial stages of these matters (including initial determination, redetermination, and reconsideration), the Medicare Appeals Council or the Administrative Law Judge makes the final decision.[19] The contractors are not final decisionmakers, so the Court need not include evidence considered only by the contractors in the administrative records.

Additionally, the "any evidence excluded or not considered" phrase Heart to Heart relies on refers only to evidence that a party offered to Administrative Law Judge that the judge turned away.[20] That situation does not apply here. So the

[15] *See Stanissis*, 2015 WL 5603722, at *1.

[16] 42 U.S.C. § 405(g); *see* Doc. 135 at 19–20.

[17] Doc. 137 at 13–15.

[18] Doc. 137 at 16 (quoting 42 C.F.R. § 405.1042(a)(2)).

[19] Doc. 135 at 3–4 (citing 42 U.S.C. § 1395ff(b)(1)(A), (d)(2), (d)(3)(B)); *see also D&G Holdings, L.L.C. v. Becerra*, 22 F.4th 470, 472 n.1 (5th Cir. 2022) (quoting *Maxmed Healthcare, Inc. v. Price*, 860 F.3d 335, 338 (5th Cir. 2017)).

[20] *Skoro Enters., LLC v. Becerra*, No. 3:24-CV-433-B (BK), Doc. 47 at 11 (N.D. Tex. July 18, 2025) (Toliver, M.J.), *objections overruled*, Doc. 54 at 2–3 (N.D. Tex. Mar. 9, 2026) (Boyle, J.).

Magistrate Judge's ruling on the relevant administrative records is not contrary to law. Accordingly, the Court **OVERRULES** Heart to Heart's second objection.

Third, Heart to Heart objects to the Magistrate Judge's findings "that the target universes, recalculation documents, and accounting documents were not considered and relied on by the relevant decisionmakers."[21] This is a question of fact which the Court reviews for clear error.[22] Heart to Heart contends that the contractors relied on the target universes.[23] As explained above, the contractors do not qualify as decisionmakers, and here, the Magistrate Judge's finding that the decisionmakers did not rely on the target universes is not clearly erroneous.[24] Accordingly, the Court **OVERRULES** Heart to Heart's third objection.

Fourth, Heart to Heart objects to the Magistrate Judge's "refusal to add missing documents to the administrative records that were directly relevant to Plaintiffs' due process claims."[25] Whether the law allows for the record to be developed is a legal question, which the Court reviews *de novo*.[26] Based on the language of section 405(g), the Court may consider additional evidence "after the case is remanded" to the Commissioner of Social Security.[27] So under the statute, the Court cannot add additional evidence without a remand, and no remand has

[21] Doc. 137 at 17 (cleaned up).

[22] *See Stanissis*, 2015 WL 5603722, at *1.

[23] Doc. 137 at 17–19.

[24] Doc. 135 at 14, 23.

[25] Doc. 137 at 21 (cleaned up).

[26] *See Stanissis*, 2015 WL 5603722, at *1.

[27] 42 U.S.C. § 405(g); *see* Doc. 135 at 19 n.7.

happened.[28] Accordingly, the Magistrate Judge's holding is not contrary to law, and the Court **OVERRULES** Heart to Heart's fourth objection.

## IV. Conclusion

For the foregoing reasons, the Court **OVERRULES** Heart to Heart's Rule 72(a) objections to the Magistrate Judge's order.

**IT IS SO ORDERED** this 27th day of October, 2026.

BRANTLEY STARR
UNITED STATES DISTRICT JUDGE

[28] 42 U.S.C. § 405(g); *see* Doc. 135 at 19 n.7.